IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TAWANDA WEATHERSPOON,     :
                                     :
        Plaintiff,         :
                                     :     Civil Action No. 06-009-KAJ
        v.            :
                                     :
DETECTIVE MARZEC, AGENT     :
TOM JACOBS, and AGENT CHRIS     :
QUAGLINO,              :
                                     :
        Defendants.      :

**OPENING BRIEF IN SUPPORT OF DEFENDANTS
MARZEC'S, JACOBS'S AND QUAGLINO'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (I.D. No. #4071)
     Assistant United States Attorney
     1007 N. Orange Street, Suite 700
     Wilmington, Delaware 19801
Dated:  May 8, 2006.     (302) 573-6277

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.     THE COMPLAINT SHOULD BE DISMISSED
       FOR FAILURE TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.     Standard Of Review; Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

              1.     Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . 6

              2.     Qualified immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.     The Complaint Makes Clear That The Defendants
              Are Entitled To Qualified Immunity From Plaintiff's *Bivens* Claims . . . . . . . . . 8

              1.     Plaintiff's suggestion that the Defendants
                     used an illegal search warrant does not state a claim . . . . . . . . . . . . . . . . 8

              2.     Plaintiff's allegation that the Defendants acted
                     illegally when they detained her at gunpoint does not state a claim. . . . . . 8

              3.     Plaintiff's allegation that the Defendants
                     acted illegally when they failed to identify
                     themselves as police officers does not state a claim . . . . . . . . . . . . . . . . 10

II.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT . . . . . . . . . . . 11

       A.     Standard Of Review Of A Fed. R. Civ. P. 56 Motion . . . . . . . . . . . . . . . . . . . 11

       B.     The Defendants Are Entitled To Qualified Immunity
              Because They Reasonably Relied In Good Faith On
              The Validity Of The Search Warrant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

C.    The Defendants Are Also Entitled To Qualified
        Immunity With Respect To Plaintiff's Claim That
        They Acted Unreasonably By Failing To "Knock And Announce." . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES**                                                                                               **PAGE**

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 10-11

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Couden v. Duffey*,
    305 F. Supp. 2d 379 (D. Del. 2004), *aff'd in part, rev'd in part*,
    No. 04-1732, 2006 WL 1133312 (3d Cir. May 1, 2006) . . . . . . . . . . . . . . . . . . . . . . 11-12

*Doe v. Delie*,
    257 F.3d 309 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Heine v. Rice*,
    No. 8:00CV2297T24TBM, 2001 WL 1338780 (M.D. Fla. Apr. 9, 2001) . . . . . . . . . 6-7

*Hickey v. Hayse*,
    188 F. Supp. 2d 722 (W.D. Ky. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Leveto v. Lapina*,
    258 F.3d 156 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Maryland v. Wilson*,
    519 U.S. 408 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McLaughlin v. Watson*,
    271 F.3d 566 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Michigan v. Summers*,
    452 U.S. 692 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Miller v. United States*,
    357 U.S. 301 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Muehler v. Mena*,
    544 U.S. 93 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

*Richards v. Wisconsin*,
    520 U.S. 385 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sabbath v. United States*,
    381 U.S. 585 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Siegert v. Gilley*,
    500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*St. Surin v. Virgin Islands Daily News, Inc.*,
    21 F.3d 1309 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Hatfield*,
    365 F.3d 332 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 13

*United States v. Remigio*,
    767 F.2d 730 (10th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*United States v. Valenzuela*,
    596 F.2d 1361 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 15

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iv

## NATURE AND STAGE OF THE PROCEEDINGS

On January 5, 2006, Plaintiff Tawanda Weatherspoon, appearing pro se and requesting in forma pauperis status, filed Civil Action No. 06-009 alleging, among other things, that on September 21, 2005, Detective Marzec, Agent Tom Jacobs and Agent Chris Quaglino (the "Defendants") executed a search warrant at her house. (Compl. at 3.) According to Plaintiff, in the course of executing that warrant the Defendants "never said who they were" and "never knock[ed] and announced their presence before entering" her home, which allegedly caused Plaintiff, her children and her mother emotional distress. (*Id.*) Plaintiff further claims that the search warrant was for an Ellendale, Delaware address, and that her house is in Lincoln, Delaware. (*Id.*) Finally, Plaintiff alleges that "everything began at gun point." (*Id.* at 4.) Plaintiff seeks declaratory and injunctive relief, and "punitive compensation" in the amount of $500,000 per defendant. (*Id.* at 3-4.)

The search about which Plaintiff complains is also the subject of several other pro se lawsuits pending before the Court. One suit, C.A. 06-008, was filed by Sandra J. White, Plaintiff's mother. Two other suits, C.A. Nos. 05-811 and 05-839, were filed by Steve Hickman, who lives with Plaintiff in the trailer that was searched. Marzec and Jacobs – the only two federal agents named as defendants in C.A. Nos. 05-811 and 05-839 – moved to dismiss those suits in part because even if the search warrant the Defendants used referred to an Ellendale, Delaware address, instead of a Lincoln, Delaware address, that still would not make the search warrant invalid. In the alternative, Marzec and Jacobs moved for summary judgment of C.A. Nos. 05-811 and 05-839 because their use of the search warrant was protected by qualified immunity. For the reasons stated in Marzec's and Jacobs's Opening and Reply Briefs in C.A. Nos. 05-811 and 05-839, the Defendants are entitled to dismissal and/or summary judgment of

Plaintiff's claim that the Defendants used an illegal search warrant.

As explained herein, the Defendants are also entitled to dismissal and/or summary judgment of Plaintiff's claims that they acted illegally when they allegedly failed to identify themselves as police officers and failed to "knock and announce," and Plaintiff's allegation that "everything began at gun point," to the extent that latter statement is construed as an attempt to state a claim.  Accordingly, Plaintiff's Complaint should be dismissed.

## SUMMARY OF THE ARGUMENT

1.      Plaintiff appears to be alleging that the Defendants violated her Fourth Amendment rights when they searched her residence.  Accordingly, Plaintiff's allegations should be construed as attempts to state *Bivens* claims.  *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

2.      As explained in Marzec's and Jacobs's Opening and Reply Briefs in C.A. Nos. 05-811 and 05-839, to the extent Plaintiff is claiming that the Defendants violated the Fourth Amendment because the search warrant they used referred to an Ellendale, Delaware address, instead of a Lincoln, Delaware address, that claim should be dismissed based on the Defendants' qualified immunity.  Alternatively, as explained in Marzec's and Jacobs's Opening and Reply Briefs in C.A. Nos. 05-811 and 05-839, even if Plaintiff's Complaint is not dismissed for failure to state a claim, the Defendants are entitled to summary judgment of Plaintiff's claims because it was objectively reasonable for the Defendants to rely on the validity of the warrant.

3.      Plaintiff's claim that the Defendants acted unlawfully when they allegedly detained her at gunpoint should be dismissed for failure to state a claim because police officers are allowed to detain persons present at a residence where the police are executing a search warrant, and to use reasonable force to effectuate any such detention.  *See Muehler v. Mena*, 544 U.S. 93, 98-99 (2005).  When – as was the case here – police officers execute a warrant to search for evidence of drug dealing, the officers are allowed to protect themselves by detaining persons who are present during the search at gunpoint.  *See id.* at 96-100 (describing how the plaintiff

---

[1]Although not specifically alleged, at the time of the search the Defendants were all acting as federal officers.

was detained at gunpoint and with handcuffs, and holding that the officers acted reasonably) (citing *Michigan v. Summers*, 452 U.S. 692, 702-703 (1981) (recognizing the execution of a warrant to search for drugs "may give rise to sudden violence or frantic efforts to conceal or destroy evidence")).

4.    Plaintiff's claims that the Defendants didn't identify themselves as police officers and failed to "knock and announce" appear to be attempts to allege that the Defendants acted unreasonably when they executed the search warrant because they did not "knock and announce." That claim should be dismissed because Plaintiff does not allege that the Defendants forcibly entered Plaintiff's residence.  *See, e.g.*, *United States v. Hatfield*, 365 F.3d 332, 340 (4th Cir. 2004) ("By its terms, the knock-and-announce rule applies when law enforcement officers attempt a forcible entry into a dwelling.").

5.    In the alternative, the Defendants are entitled to summary judgment of Plaintiff's claim that the Defendants acted unreasonably by failing to identify themselves or "knock and announce" because when the Defendants executed the search warrant they were wearing clothing prominently inscribed with "Police" or "DEA," and because Plaintiff, Hickman and White all met the Defendants outside the trailer before the Defendants went inside.  Accordingly, there was no reason for the Defendants to "knock and announce."  *See, e.g. Hickey v. Hayse*, 188 F. Supp. 2d 722, 728 (W.D. Ky. 2001) (holding that the defendant officer did not act unreasonably by failing to knock and announce: "Defendant was under no obligation to knock and announce his presence because it was already known").

4

## STATEMENT OF FACTS[2]

Plaintiff's bare-bones, four-page Complaint alleges the following. On September 21, 2005, the Defendants executed a search warrant at her house. (Compl. at 3.) Plaintiff lived there with Hickman, who was being investigated by the Defendants for illegal drug dealing. (*See* Search Warrant, attached as Ex. A.) According to Plaintiff, in the course of executing that warrant the Defendants "never said who they were" and "never knock[ed] and announced their presence before entering" her home, which allegedly caused Plaintiff, her children and her mother emotional distress. (Compl. at 3.) Notably, however, Plaintiff does not allege that the Defendants forcibly entered her trailer. Plaintiff claims that the search warrant was for an Ellendale, Delaware address, and that her house is in Lincoln, Delaware. (*Id.*) Finally, Plaintiff alleges that "everything began at gun point." (*Id.* at 4.) Plaintiff seeks declaratory and injunctive relief, and "punitive compensation" in the amount of $500,000 per Defendant. (*Id.* at 3-4.)

As explained below, all of Plaintiff's claims should be dismissed for failure to state a claim. In the alternative, the Defendants are entitled to summary judgment of Plaintiff's claims.

---

[2]The Statement of Facts is drawn entirely from Plaintiff's Complaint and documents incorporated therein, i.e., the search warrant. Additional facts that are relevant to the Defendants' alternative motion for summary judgment are found in the appropriate parts of the Argument section. The allegations in Plaintiff's Complaint are assumed to be true only for the purpose of this motion.

5

## ARGUMENT

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

    **A.    Standard Of Review; Qualified Immunity.**

        **1.    Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).**

When considering a motion to dismiss the Court must accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001). The Court need not, however, credit "'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Although qualified immunity is an affirmative defense, a complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when the qualified immunity defense appears on the face of the complaint. *Leveto*, 258 F.3d at 161.

Generally, the Court should not look outside the pleadings when considering a motion to dismiss. However, the Court may consider documents that are referred to in the complaint, even if those documents are not attached to the complaint. *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"). Here, Plaintiff appears to claim that the search warrant was illegal because it mistakenly stated that her residence was in Ellendale. Accordingly, to determine whether Plaintiff's Complaint states a claim, the Court should examine the search warrant to see if it sufficiently described her residence so as to comply with the Fourth Amendment. *See, e.g.*, *Heine v. Rice*, No. 8:00CV2297T24TBM, 2001 WL 1338780, at *1 n.2 (M.D. Fla. Apr. 9, 2001)

("Because of the extent to which Plaintiffs rely on Defendant Antolini and Defendant McLean's [search warrant] affidavits, this Court will consider the affidavits as part of the pleadings, and Defendants' Motion to Dismiss will not be converted to a Motion for Summary Judgment.").

### 2. Qualified immunity.

Qualified immunity protects law enforcement officers from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "One of the purposes of [qualified] immunity – is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 237 (1991). Qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, "until this threshold immunity question is resolved, discovery [by the plaintiff] should not be allowed." *Harlow*, 457 U.S. at 818.

"In order to defeat an assertion of qualified immunity, a plaintiff must allege that the official violated a clearly established right." *McLaughlin*, 271 F.3d at 570-71 (quotations omitted). Thus, a police officer is entitled to qualified immunity unless there was "sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." *Id.* at 572. Relevant precedent includes caselaw from the Supreme Court, circuit courts and district courts. *See Doe v. Delie*, 257 F.3d 309, 321 n.10 (3d Cir. 2001). As explained below, the Complaint fails to allege that the Officers violated Plaintiff's clearly established rights. Accordingly, the Complaint should be

dismissed.

    **B.**    **The Complaint Makes Clear That The Defendants Are Entitled To Qualified Immunity From Plaintiff's *Bivens* Claims.**

        **1.**    **Plaintiff's suggestion that the Defendants used an illegal search warrant does not state a claim.**

Plaintiff's first claim appears to be that the Defendants used an illegal search warrant when they searched her residence. According to Plaintiff, the search warrant was for an Ellendale, Delaware residence, even though Plaintiff lives in Lincoln, Delaware. (Compl. at 3.) Hickman raised that identical claim in C.A. Nos. 05-811 and 05-839, and Marzec and Jacobs moved to dismiss that claim, and filed Opening and Reply briefs in support thereof. (*See* C.A. No. 05-811, Doc. No. 16, Opening Brief attached as Ex. B; Doc. No. 22, Reply Brief, attached as Ex. C.) For the same reasons discussed in the briefs in support of Marzec's and Jacobs's motion to dismiss, Plaintiff's allegation that the Defendants used an illegal search warrant does not state a *Bivens* claim.

        **2.**    **Plaintiff's allegation that the Defendants acted illegally when they detained her at gunpoint does not state a claim.**

Plaintiff's claim that the Defendants acted unlawfully when they allegedly detained her at gunpoint also does not state a *Bivens* claim. In *Muehler v. Mena*, the Supreme Court rejected a § 1983 claim brought by a woman, Mena, who was present at a residence when police officers arrived to execute a search warrant. The police handcuffed Mena at gunpoint and detained her in the garage during the search. *Mena*, 544 U.S. at 96. Mena claimed that the officers acted unreasonably and that "the officers should have released Mena as soon as it became clear that she posed no immediate threat." *Id.* at 97. The Supreme Court rejected that argument, holding that

8

an "officer's authority to detain incident to a search is categorical" and, therefore, "Mena's detention for the duration of the search was reasonable under *Summers* because a warrant existed to search 1363 Patricia Avenue and she was an occupant of that address at the time of the search." *Id.* (citing *Michigan v. Summers*).

The Supreme Court next considered whether the police officers acted reasonably when they detained Mena at gunpoint and with handcuffs. The Supreme Court held that "[i]nherent in *Summers'* authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention." *Id.* at 99. Detaining Mena at gunpoint was reasonable, according to the Supreme Court, in part because the search warrant in *Mena* sought weapons and a wanted gang member. *Id.* at 100. The Supreme Court held that to execute a search warrant for evidence such as weapons or drugs creates an "inherently dangerous situation[]" and the "the use of handcuffs minimizes the risk of harm to both officers and occupants." *Id.* (citing *Summers*, 452 U.S. at 702-704 (recognizing the execution of a warrant to search for drugs "may give rise to sudden violence or frantic efforts to conceal or destroy evidence")). In addition, the Supreme Court upheld the detention of Mena at gunpoint and the use of hancuffs because "the need to detain multiple occupants made the use of handcuffs all the more reasonable." *Id.* (citing *Maryland v. Wilson*, 519 U.S. 408, 414 (1997) (noting that "danger to an officer from a traffic stop is likely to be greater when there are passengers in addition to the driver in the stopped car")).

Here, just like in *Mena*, the Defendants had "categorical" authority to detain Plaintiff during the search because she was present at 9008 Greentop Road when the Defendants arrived to execute the search warrant. *Id.* at 97. The Defendants were permitted to use "reasonable

9

force" to detain Plaintiff. *Id.* at 99. In *Mena*, the Supreme Court held that the officers acted reasonably when they detained Mena at gunpoint and with handcuffs because the officers faced an "inherently dangerous situation[]," namely, they were executing a search warrant to look for a wanted gang member at a residence with multiple occupants. *Id.* at 100. Here, just like in *Mena*, the Defendants also faced an inherently dangerous situation: they were executing a search warrant to look for evidence of drug dealing at a residence with multiple adults present, namely, Plaintiff, Hickman and White.[3] Accordingly, even if Plaintiff's allegations are accepted as true, they still would not state a *Bivens* claim because it was reasonable for the Defendants to detain Plaintiff at gunpoint during the search. At a minimum, the Defendants are entitled to qualified immunity because at the time of the search no precedent existed to clearly establish that the Defendants' alleged conduct was unconstitutional. Accordingly, Plaintiff's claim should be dismissed.

> **3.    Plaintiff's allegation that the Defendants acted illegally when they failed to identify themselves as police officers does not state a claim.**

Plaintiff's claims that the Defendants didn't identify themselves as police officers and failed to knock and announce appear to be attempts to allege that the Defendants acted unreasonably when they executed the search warrant because they did not "knock and announce." If so, that claim should be dismissed because the knock-and-announce rule only applies when the police forcibly enter a residence, and here there is no allegation – nor could there be any

---

[3]Although it is not clear from the Complaint that the Defendants were looking for evidence of drug dealing, the search warrant – which the Complaint incorporates – demonstrates that fact. (*See* Ex. A.) Furthermore, the Court can take judicial notice of the fact that Hickman and White have filed lawsuits alleging that they and Plaintiff were all present when the Defendants executed the search warrant.

allegation – that the Defendants forcibly entered Plaintiff's trailer.  *See, e.g.*, *Hatfield*, 365 F.3d at 340 ("By its terms, the knock-and-announce rule applies when law enforcement officers attempt a forcible entry into a dwelling."); *see also Richards v. Wisconsin*, 520 U.S. 385, 388 (1997) ("In *Wilson v. Arkansas*, 514 U.S. 927 (1995), we held that the Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose *before attempting forcible entry*.") (emphasis added); *United States v. Remigio*, 767 F.2d 730, 732-33 (10th Cir. 1985) (finding no violation of the knock-and-announce rule because the officers enter the residence through an open door); *United States v. Valenzuela*, 596 F.2d 1361, 1365 (9th Cir. 1979) (same).[4]  Because Plaintiff did not – and cannot – allege that the Defendants forcibly entered her trailer, her *Bivens* claim based on the Defendants' alleged failure to knock and announce should be dismissed.

## II.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT.

### A.    Standard Of Review Of A Fed. R. Civ. P. 56 Motion.

The Court need not consider the attached declarations of Marzec, Jacobs and Quaglino to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  If the Court considers those declarations, however, the Court should convert the Defendants' motion to a motion for summary judgment, *see, e.g.*, *Couden v. Duffey*, 305 F. Supp. 2d 379, 385 (D. Del. 2004), *aff'd in part, rev'd in part*, No. 04-1732, 2006 WL 1133312 (3d Cir. May 1, 2006), and dismiss Plaintiff's

---

[4]The Supreme Court has held that the police forcibly enter a residence for purposes of the federal knock-and-announce statute, 18 U.S.C. § 3109, even when the officers open an unlocked door.  *See Sabbath v. United States*, 381 U.S. 585, 589-90 (1968).  In *Sabbath*, the officers entered the residence through an unlocked door before the occupants knew the officers were present.  *Id.*  Here, on the other hand, Plaintiff does not allege – and indeed she could not allege – that the Defendants entered Plaintiff's trailer before Plaintiff, Hickman and White were aware that the Defendants were present.

Complaint.

Fed. R. Civ. P. 56 provides that summary judgment shall be entered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(c)). When presented with a motion for summary judgment, a plaintiff is not allowed to rest on his allegations – rather, he has the burden to set forth by affidavit or otherwise "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing summary judgment – like Plaintiff – is not entitled to any discovery unless she identifies "with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Couden*, 305 F. Supp. 2d at 386 (quoting *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)).

As explained below, the attached declarations show that the Defendants are entitled to summary judgment of Plaintiff's claims.

**B.    The Defendants Are Entitled To Qualified Immunity Because They Reasonably Relied In Good Faith On The Validity Of The Search Warrant.**

The Defendants are entitled to summary judgment of Plaintiff's apparent claim that the Defendants used an illegal search warrant when they searched her residence. As discussed above, Plaintiff alleges that the search warrant was for an Ellendale, Delaware residence, even though Plaintiff lives in Lincoln, Delaware. (Compl. at 3.) Hickman raised that identical claim in C.A. Nos. 05-811 and 05-839, and Marzec and Jacobs moved for summary judgment of that claim, and filed Opening and Reply briefs in support thereof. (*See* Exs. B & C.) For the same

12

reasons discussed in the briefs in support of Marzec's and Jacobs's motion for summary judgment, the Defendants are also entitled to summary judgment of Plaintiff's allegation that the Defendants used an illegal search warrant.

> **C.    The Defendants Are Also Entitled To Qualified Immunity With Respect To Plaintiff's Claim That They Acted Unreasonably By Failing To "Knock And Announce."**

The Defendants are also entitled to summary judgment of Plaintiff's claim that the Defendants acted unreasonably by failing to "knock and announce." As discussed above, police officers only need to knock and announce their presence before they *forcibly* enter a residence. *See, e.g. Hatfield*, *Remigio*, *Valenzuela*. Moreover, police officers are not required to knock and announce when doing so would be a "senseless ceremony," such as when the officers' presence is already known. *See, e.g. Hayse*, 188 F. Supp. 2d at 728 (holding that defendant officer did not act unreasonably by failing to knock and announce: "Defendant was under no obligation to knock and announce his presence because it was already known"); *Miller v. United States*, 357 U.S. 301, 310 (1958) (stating that an announcement was unnecessary when it would constitute a "senseless ceremony").

Here, Quaglino's declaration demonstrates that when the Defendants arrived at 9008 Greentop Road to execute the search warrant, the Defendants were wearing clothing that was prominently inscribed with "Police" or "DEA." (Quaglino Decl., Ex. D ¶ 5.) Hickman and several unidentified adults were outside the residence. (*Id.* ¶ 6.) The Defendants informed Hickman that they were there to execute a search warrant. (*Id.* ¶ 7.) Soon thereafter, before any of the Defendants entered the trailer, Plaintiff and White exited the trailer where they were

13

detained for the duration of the search.[5]  (*Id.* ¶¶ 8-9.)  Only then did the Defendants enter the

trailer to conduct the search.  (*Id.* ¶ 9.)  Accordingly, before the Defendants entered the trailer,

Hickman, White and Plaintiff were all outside the trailer and aware that the Defendants intended

to execute a search warrant.  (*Id.* ¶¶ 6-10.)  Under these circumstances, a formal knock and

announce would have been a "senseless ceremony."  (*Id.* ¶ 10.)  Accordingly, the Defendants did

not act unreasonably even if Plaintiff is correct that they did not formally knock and announce

before searching her trailer.  At a minimum, the Defendants' alleged failure to knock and

announce is protected by qualified immunity.  Thus, all of Plaintiff's claims should be dismissed.

---

[5]The Defendants did not detain Plaintiff at "gunpoint," as she alleges.  Instead, they merely entered Plaintiff's trailer with guns drawn as they customarily do when executing a search warrant looking for evidence of illegal narcotics dealing.  (Ex. D. ¶ 9.)

14

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  In the alternative, the Defendant are entitled to summary judgment of Plaintiff's claims.

DATED:  May 8, 2006.

                                        Respectfully Submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                                    By:_____/s/ Seth M. Beausang_____
                                        Seth M. Beausang (I.D. No. 4071)
                                        Assistant United States Attorney
                                        The Nemours Building
                                        1007 Orange Street, Suit 700
                                        Wilmington, DE 19801
                                        (302) 573-6277

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAWANDA WEATHERSPOON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-009-KAJ |
| v. | : | |
| | : | |
| DETECTIVE MARZEC, AGENT | : | |
| TOM JACOBS, and AGENT CHRIS | : | |
| QUAGLINO, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Seth M. Beausang, hereby attest under penalty of perjury that on this 8th day of May, 2006, I caused two copies of Defendants Marzec's and Jacobs's Motion to Dismiss Or, In the Alternative, for Summary Judgment, Opening Brief in Support Thereof and Proposed Order to be served on the Plaintiff by First Class Mail at the following address:

Tawanda Weatherspoon
9008 Green Top Rd.
Lincoln, DE 19960

/s/ Seth M. Beausang
Seth M. Beausang (DE I.D. No. 4071)