# EXHIBIT D

Declaration of Chris Quaglino

1. My name is Chris Quaglino. I have been employed as an agent with the Drug Enforcement Administration ("DEA") since March 8, 1992.

2. I submit this declaration in support of my motions for summary judgment in the matters of *White v. Marzec*, C. A. No. 06-008-KAJ (D. Del.) and *Weatherspoon v. Marzec*, C.A. No. 06-009-KAJ (D. Del.).

3. In the summer of 2005, in my capacity as a DEA agent, I had knowledge of an investigation into possible illegal narcotics dealing by Steve Hickman.

4. In connection with the Hickman investigation, on September 21, 2005, I helped execute a search warrant of a trailer located at 9008 Greentop Road in Sussex County, Delaware. Agents Ronald Marzec, Tom Jacobs and others assisted me in executing the search warrant.

5. While we were executing the search warrant, Marzec, Jacobs and I all wore clothing that was prominently inscribed with either "Police" or "DEA."

6. When Marzec, Jacobs and I arrived at the trailer located at 9008 Greentop Road on September 21, 2005 to execute the search warrant, Hickman was standing outside the residence with other unidentified individuals.

7. At that time, Marzec, Jacobs and I identified ourselves as police officers and advised Hickman that we were going to execute a search warrant for his residence.

8. Shortly thereafter, two female adults exited the trailer, who identified themselves as Sandra White and Tawanda Weatherspoon. Marzec, Jacobs and I again identified ourselves as police officers and advised White and Weatherspoon that we were going to execute a search warrant for the residence.

9. Prior to that time, neither Marzec, Jacobs, I nor anyone else had entered the

trailer. Hickman, White and Weatherspoon were all detained during the search of the trailer. Although I and others had our guns drawn during the initial entry into the trailer, as is customary while executing a search warrant involving possible illegal narcotics dealing, at no time did I or anyone else point our guns at White or Weatherspoon. I and others entered the trailer through an unlocked door; we did not force entry.

10. Under these circumstances, to formally knock and announce after Hickman, White and Weatherspoon were already outside the trailer would have served no purpose. Marzec, Jacobs and I identified ourselves to Hickman, White and Weatherspoon before entering the trailer.

In accordance with 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 8th day of May, 2006.

*Christopher S. Quaglino*
Chris Quaglino