

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

1007 N.Orange Street, Suite 700  (302) 573-6277
P.O. Box 2046  FAX (302) 573-6220
Wilmington, Delaware 19899-2046  TTY (302) 573- 6274
Toll Free (888) 293-8162

June 20, 2006

VIA E-FILING

The Honorable Kent A. Jordan
Lockbox 10
844 King Street
U.S. Courthouse
Wilmington, DE 19801

      Re:    Hickman v. Marzec, Consol. No. 05-811-KAJ (D. Del.)
               White v. Marzec, No. 06-0008-KAJ (D. Del.)
               Weatherspoon v. Marzec, No. 06-0009-KAJ (D. Del.)

Dear Judge Jordan:

    I write on behalf of Ronald Marzec, Tom Jacobs and Chris Quaglino, the federal law enforcement officers named as defendants in the above-referenced *Bivens* actions. Defendants Marzec, Jacobs and Quaglino have moved to dismiss and/or for summary judgment in these actions based on their qualified immunity. I write in advance of the upcoming teleconferences in these cases to respectfully request that the Court stay discovery until the Court rules on the potentially case- dispositive motions.

    By letters the Court requested that the parties confer regarding proposed scheduling orders that will determine, among other things, the schedules for discovery in these actions. However, the Supreme Court has explained that law enforcement officers who assert their qualified immunity – like the Defendants – are entitled to a stay of discovery until the district court resolves the qualified immunity issue:

> "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." . . . . *Harlow* and *Mitchell* make clear that the defense is meant to give government officials a right, not merely to avoid "standing trial," but also to avoid the burdens of "such *pretrial* matters as discovery . . ., as "[i]nquiries of this kind can be peculiarly disruptive of effective government."

*Behrens v. Pelletier*, 516 U.S. 299, 307-08 (1996) (alterations in original) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) and citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)); *see also Stewart v. Canteen Food Servs.,* No. 05-2567 PHX MHM (VAM), 2006 WL 1544188, at *4 (D. Ariz. June 5, 2006) (staying discovery because of potentially case-dispositive motion asserting qualified immunity); *Johnson v. Johnson*, No. H-05-0203, 2006 WL 846372, at *2 (S.D. Tex. Mar. 28, 2006) (same); *Valdez v.*

*Woodford*, No. 05-4443 SI (PR), 2006 WL 618766, at *1 (N.D. Cal. Mar. 13, 2006) ("The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled.").

For the reasons discussed in their respective motions, Defendants Marzec, Jacobs and Quaglino submit that they are entitled to qualified immunity because the Plaintiffs in these actions have not alleged the violation of clearly established constitutional rights. A stay of discovery will allow Defendants Marzec, Jacobs and Quaglino – all busy law enforcement officers – to avoid the substantial burdens associated with pretrial discovery while the Court considers their qualified immunity defense.

Defendants Marzec, Jacobs and Quaglino are also entitled to a stay of discovery because the Plaintiffs failed to submit affidavits or anything else describing what discovery they need and why that discovery would preclude summary judgment, as Fed. R. Civ. P. 56(f) required them to do. *See, e.g.*, *Dowling v. City of Phila.*, 855 F.2d 136, 139-140 (3d Cir. 1988) ("This court has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."); *see also Paris v. Christiana Care Visiting Nurse Ass'n.*, 197 F. Supp. 2d 111, 116 n.4 (D. Del. 2002) (granting defendant's motion for summary judgment and rejecting plaintiff's discovery requests because "[a]lthough the plaintiff is appearing pro se, none of her submissions can charitably be read as meeting the Rule 56(f) requirements").

Finally, discovery is particularly inappropriate at this juncture because the motions filed by Defendants Marzec, Jacobs and Quaglino show that even if everything the Plaintiffs allege is true, the complaints should still be dismissed. Accordingly, the Plaintiffs cannot uncover anything through discovery to save their complaints from dismissal.

For all of the above reasons, Defendants Marzec, Jacobs and Quaglino respectfully request that the scheduling orders in these cases provide for a stay of discovery until the Court has the opportunity to rule on the pending motions. I am available at the call of the Court to discuss any questions or concerns the Court might have.

    Respectfully,

    COLM F. CONNOLLY
    United States Attorney

    By:   /s/ Seth M. Beausang
        Seth M. Beausang (I.D. No. 4071)
        Assistant United States Attorney

cc:    Steve Hickman, pro se (by FedEx)
       Sandra White, pro se (by FedEx)
       Tawanda Weatherspoon, pro se (by FedEx)
       Daniel A. Griffith, Esq. (by electronic filing)