Honorable Kent A. Jordan
U.S. District Court Judge
844 King St.
Courthouse
Wilmington, DE. 19801



    Re. Steve Hickman vs marzec, et al., No.05-811 & 839-KAJ
(D.Del. ) White v. Marzec, No. 06-008-KAJ ( D.Del.) and
Weatherspoon v. Marzec, No. 06-009-KAJ(D.Del.)

Dear Your Honor:

    Marzec and fellow officers, know the truths, but always try to put up smoke screen
to cover the unlawful, and unethical activities. And are not entitled to no immunities because
their acts show they did not act in "good faith" (a). now he is trying to attribute ther writing
of the report he clearly wrote to another officer [Officer Marvin Mailey] (1). Exhibit A-1 it
is clearly stated the observations were made by TFO Marzec and (2) Even if that was true
it shows a terrible lack of professionalism on the part of Marzec that an Officer working
with him knew the difference and he didn't and (3) Marzec only accepts facts that benefit
what he wants to accomplish.

    He [Marzec] submitted another fact not based on the truth (a) a computer check
of Tawanda Weatherspoon's address would have reviewed her address as 9008 Green Top
Rd. Lincoln, DE. 19960 [Exhibit B-1 verifies this] a picture or photocopy of her driver's
license.

    The plaintiff, has asserted numerous facts and pictures clearly showing a single-wide
Tan mobile home as described in search warrant exist in Ellendale Delaware and the search
warrant not only doesn't mention the double-wide in Lincoln, it also establishes no probable
cause for it search and seizure as well.

    [1]. As a matter of Law the defendants have not met their burden of proof essential
To obtain dismissal of petitioners claim for failure to state a claim.

a. Allegations accepted as true under subdivision (b)(6). for the purposes of a motion to dismiss for failure to state a claim uder subdivision (b)(6) of this Rule, all allegations in the complaint must be accepted as true. Barni v. Kutner, 45 Del. 550, 76 A.2d 801 (1950) Motion to dismiss for failure to state claim assumes the facts as alledge by plaintiff. Stevenson v. Isaacs, 126 F. Supp. 411 (D.Del. (1954)

The actions of the defendants and their pleadings must be considered as a matter of law as motion for Summary Judgment. where defendant asserts that plaintiff has failed to state a claim upon which relief may be granted and moves to dismiss the case pursuant to paragraph (b) of this rule and offer affidavits and depositions in addition to the pleadings, its motion must be considered a motion for summary judgment. Shultz v. Delaware Trust Co. 360 A.2d 576 (Del. Super. Ct. 1976)

Vagness and lack of detail in the pleaded claim are not sufficient grounds alone to dismiss a complaint for failure to state a claim. Diamond State Tel. Co. v. University of Del. 269 A.2d 52 (Del. 1970)

A motion for Summary Judgment can not be granted were pleading present a question of law as present in 'instant' case in regards to several matters. Fagnani v. Integrity Fin. Corp., 53 Del. 193, 167 A.2d 67 (1960)

The actions of Marzec and fellow officers, have clearly Violated rights of Steve Hickman, Sandra White and Tawanda Weatherspoon, granted by fourth Amendment as stated in Harlow v. Fitzgerald, Marzec and fewllow officers are not entitled to qualified immunity.

Thus Hickman, White and Weatherspoon, moves the Court to deny defendants Request and hold them accountable For their unprofessional, unpoliceman like and illegal acts. The Court should not pass on this type of police work and deception, Because it only authorizes them to do this again and again and The civil rights, Bill of Rights and U.S. Constitution clearly Stand against what Marzec and his fellow police officer did on 09-21-05 and a message need to be sent to deter these type of Police actions and works in the future.

_Steve Hick_____          _Sandra White_  _Tawanda Weatherspoon_
Steve Hickman             Sandra J. White     Tawanda Weatherspoon
June 26, 2006

      Exhibit B-1 verfies (a) any computer check with Tawanda Weatherspoon as a subject after April 2005, would review her address as 9008 Green Top Rd Lincoln, Delaware 19960 (b) That Marzec's affidavit is a misrepresentation of the truth and © he probably never conducted a computer check in reference to Tawanda Weatherspoon.

      Detective Marzec and Agent Tom Jacob's have clearly perjured themselves as well as entered documents and information into Court Records and the instant cases of Hickman, White and Weatherspoon, that they know is not the truth and the Court need to consider action against them for this Official Misconduct.

_____  _____  _____
Steve Hickman        Sandra J. White     Tawanda Weatherspoon

_____
Date

The Supreme Court of the United States has already ruled on the issue of Qualified Immunity, when it involves the violation of the fourth Amendment rights against illegal searches and seizures in Mitchell v. Forsyth, 472 U.S. 510, Harlow v. Fitzgerald, 457 U.S. 800 (1982) states that Qualified Immunity , similar to absolute immunity , is an entitlement not to stand trial under certain circumstances. [Not in this case which is an violation of fourth (4th) Amendment rights which are clearly established and known to all well trained police officers.

What Marzec and his fellow officers are trying to do with the Qualified immunity entitlements is what it is not designed for, which is (a)to prevent a trial on issues that are trialable and (b) present it as a 'mere' defense to their liability. This is the reason why they [Marzec and his fellow Officers] are not entitled to Qualified Immunity and matter should continue it course for Trial.



Steve Hudelmen
7005 Dreer Top Rd
Lincoln, DE 19960

Clerk
U.S. District Court
Lockbox 16
844 King St
Wilmington DE 19801